T.C. Memo. 1997-197


UNITED STATES TAX COURT


GREGORY HARRIS SIMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14600-95.                    Filed April 29, 1997.


Gregory Harris Sims, pro se.

<u>Daniel M. Whitley</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Gregory Harris Sims petitions the Court to redetermine respondent's determination of a $14,506 deficiency in his 1989 Federal income tax, a $3,764 addition thereto under section 6651(a)(1), and a $2,871 penalty under section 6662(a).

We must decide the following issues with respect to 1989:

1.  Whether petitioner failed to report $66,851 of wages paid to him by his wholly owned corporation.

2.  Whether petitioner may deduct mortgage interest in an amount greater than allowed by respondent in the notice of deficiency.

3.  Whether petitioner is liable for the addition to tax for late filing determined by respondent under section 6651(a)(1).

4.  Whether petitioner is liable for the accuracy-related penalty determined by respondent under section 6662(a).

We hold for respondent on all issues.  Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and exhibits submitted therewith are incorporated herein by this reference.  Petitioner resided in Los Angeles, California, when he petitioned the Court.

Petitioner did not file a 1989 Federal income tax return until August 2, 1993.  Petitioner's 1989 tax return (Form 1040, U.S. Individual Income Tax Return), which was prepared by Nugit & Licker, C.P.A.'s on July 7, 1993, reported that petitioner received $54,250 of gross receipts from his sole

proprietorship named "Gregory Sims". The return reported that petitioner received no wage or salary income.

Petitioner worked in the entertainment industry throughout 1989. He provided managerial services personally and through his wholly owned corporation, The Greg Sims Co., Inc., which changed its name to Arrowhead Entertainment, Inc., in 1989 or 1990 (hereinafter, The Greg Sims Co., and Arrowhead Entertainment, Inc. are collectively referred to as Arrowhead). Petitioner was the only person who provided services for Arrowhead during the relevant year, and he was its only officer. Arrowhead issued petitioner a 1989 Form W-2, Wage and Tax Statement, reporting that it paid him wages of $66,851 during the 1989 calendar year. Arrowhead issued petitioner a 1988 Form W-2 reporting that it paid him $88,901 in wages during the 1988 calendar year.

On Arrowhead's 1989 Form 1120, U.S. Corporation Income Tax Return, filed for its taxable year ended March 31, 1990, Arrowhead reported a $45,980 deduction for salaries and wages and a $66,851 deduction for officer's compensation. Arrowhead's 1989 Form 1120 was prepared by Neal Levin and Co. (the Company), and the Company used Arrowhead's corporate records to prepare that return. Arrowhead's corporate records were unavailable when petitioner's 1989 Form 1040 was prepared in 1993. Petitioner's 1989 Form 1040, as it related to his income from Arrowhead, was based on his estimates derived from memory. Petitioner's memory is not accurate.

Petitioner wrote all checks to pay the expenses of Arrowhead, and he determined the amounts of the salaries and officer's compensation that it paid in 1989. Petitioner had complete control over Arrowhead's records. Petitioner did not produce any of Arrowhead's records at the time of trial, and he did not produce any probative records to support his personal income tax return.

Respondent determined, and reflected in the notice of deficiency, that petitioner failed to report $66,851 of wages that Arrowhead paid him. Petitioner's 1989 Form 1040 reported a $16,101 deduction for mortgage interest. Respondent determined, and reflected in the notice of deficiency, that petitioner paid only $11,033 of mortgage interest in 1989.

OPINION

Petitioner must prove that respondent's determinations set forth in the notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner also must prove his entitlement to any deduction. Deductions are strictly a matter of legislative grace, and petitioner must show that his claimed deductions are allowed by the Code. Petitioner must also keep sufficient records to substantiate any deduction that would otherwise be allowed by the Code. Sec. 6001; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

In order to meet his burden of proof, petitioner must introduce sufficient evidence to:  (1) Make a prima facie case establishing that respondent committed the errors alleged in the petition, and (2) overcome the evidence favorable to respondent. Lyon v. Commissioner, 1 B.T.A. 378, 379 (1925).  Petitioner relies mainly on his testimony and certain bank statements to disprove respondent's determinations.  We find this evidence unpersuasive and incomplete.  We find that petitioner failed to produce any persuasive evidence rebutting respondent's determinations, and that the record is devoid of evidence otherwise disproving these determinations.[1]  Accordingly, we sustain respondent's determination in full.  See Finesod v. Commissioner, T.C. Memo. 1994-66.

For the foregoing reasons,

Decision will be entered

for respondent.

---

[1]We note that petitioner has also failed to address any of these determinations on brief.  Petitioner was directed to file his brief with the Court in accordance with Rule 151, and he has failed to do so.